## GEORGE BLACKBURN V. THE STATE.

An indictment which charges an assault and battery upon a female, "with clenched fists and open hands," and which fails to charge that the offense was committed by an adult male, will not, in the absence of other special averments determining the character of the assault, justify a conviction for an aggravated assault.

APPEAL from Goliad. Tried below before the Hon. Daniel D. Claiborne.

Blackburn was, by the verdict of a jury, found guilty of an aggravated assault, when tried under an indictment which charged "that George Blackburn and Henry Davidson * * * unlawfully and maliciously upon the body of one Virginia Holt, a female, did make an assault, and with their fists and open hands her, the said Virginia Holt, did then and there beat, bruise, choke and wound, with the unlawful and malicious intent then and there to injure," etc., "contrary," etc.

Blackburn moved in arrest of judgment, among other causes, because he had been found guilty of an offense not charged in the indictment, which motion was overruled.

*W. L. Davidson,* for appellant.

*Wm. Alexander, Attorney-General,* for the State.

OGDEN, P. J.—The indictment in this case charges the defendant with having committed an assault and battery upon the person of Virginia Holt, a female. The appellant was tried and convicted of an aggravated assault and battery. He moved in arrest of judgment and for a new trial, which were overruled by the court, and he has appealed.

We think the indictment fails to charge an aggravated assault, and that the verdict and judgment for that offense are not authorized by the charge. The fifth clause of Article 2150, Pasch. Dig., provides that an assault becomes aggravated "when committed by an adult male upon the person of a female or child." Under this clause of the statute, the assault alone, nor the assault upon the person of a female, are sufficient to constitute the aggravation, but it also requires an assault upon the person of

a female by an adult male. These three requisites must combine to constitute an aggravated assault, and they should all be distinctly alleged in the indictment in order to sustain the charge for an aggravated assault.

The indictment in this case clearly charges a simple assault and battery, but is insufficient to sustain a judgment for an aggravated assault. The judgment of the District Court is therefore erroneous ; it must be reversed and the cause remanded.

REVERSED AND REMANDED.